| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2022
Nathan Ochsner, Clerk

Branden Major, §
§
Plaintiff, §
§
versus §  Civil Action H-21-412
§
Kilolo Kijakazi, §
§
Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

Branden Major seeks a judicial review of a decision by the Social Security Administration that denied his claim for disability benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005). He is proceeding pro se.

On April 26, 2022, he filed a dispositive motion, which the Court has construed as a motion for summary judgment. The government cross-moved for summary judgment. Neither party filed a response.

The question is whether substantial evidence supports the commissioner's decision that Major is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired for at least twelve months. Third, a claimant is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform his past work, he is not disabled. Fifth, a claimant is not disabled if he can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. *Evidence.*

   A. *Background.*

Major says that he is disabled by schizophrenia and anxiety. Major has a high-school education. He was incarcerated and evaluated for mental health issues when he attempted suicide on two separate occasions.

When he applied for social security on September 24, 2019, he said that his disability had begun on April 30, 2017. The hearing officer decided that Major could perform work despite his mental limitations. Major's claim was denied on February 10, 2020, and upon reconsideration on March 5, 2020.

   B. *Application.*

The hearing officer properly followed the five-step process to find that Major was not disabled.

First, Major has not been gainfully employed since April 2017. Second, the hearing officer found that Major's (a) paranoid personality disorder; and (b) depressive disorder were severe impairments. Third, the officer found that Major had the capability to perform certain tasks such as remembering and carrying out repetitive orders. Major has some limitations that require avoiding close

coordination with coworkers and limited public interaction. This assessment is called the residual functional capacity.

Based on the residual functional capacity, the officer proceeds to the fourth step to determine whether Major was capable of performing past relevant work. The officer found Major could not. Finally, the officer consults with a vocational expert to learn about whether Major can perform jobs with those limitations. The officer found that Major could find work in the national economy as a price tagger, bottle packer, or power screw driver/operator.

Major argues that the hearing officer was personally biased against him. He wants to recover his benefits for which he believes he is owed with backpay.

The record contains evidence that Major complained of paranoia and hallucinations. The hearing officer, however, found that his complaints of mental limitations was not supported by the medical record. This is a conclusion supported by medical evidence – not personal bias.

The transcripts reveal inconsistences in Major's mental health issues. In May 2018, Major was referred for a psychological evaluation based on his suicidal ideations in prison. One month later, he denied mental issues. In August 2018, he was referred for another evaluation where he complained of being restless but denied suicidal ideations and hallucinations. Although Major's complaint says that he was forced to go to a mental hospital, no evidence of hospitalizations or involuntary treatment was considered by the officer. Major may have mistaken the evaluation for a hospitalization. The doctors found he was competent to stand trial. Again, two months later in prison, he denied suicidal feelings or hallucinations.

In January 2020, Major was diagnosed with paranoid personality disorder and depressive disorder by Daniel Fox. Fox found that Major was unable to manage routine work pressure or regulate his emotions.

Major was also examined by Matthew Snapp, who concluded that Major could carry out detailed instructions and make decisions. This was confirmed by another state agency consultant, Robert White.

The officer also considered the supportability and consistency of the medical opinions as required under the revised regulations. The hearing officer weighed the evidence in the record – including Fox's opinion and the state

agency psychological consultants – and found that Major has had normal examinations without medical treatment that support his ability to perform work-related activities with some limitations. For example, the officer found that Major was pleasant during his psychological evaluations. Overall, Major's complaints did not match the medical record.

Despite his severe impairments, Major is still capable of a broad range of daily activities and exhibits normal cooperative behavior. The hearing officer's determination is supported by substantial evidence.

5. *Conclusion.*

The Court acknowledges that Major has dealt with challenging circumstances related to his mental health. This Court is still bound by the Social Security disability standards of review. The Court cannot reweigh evidence if the officer's decision is supported by the record. In this case, it is.

The commissioner's decision denying Branden Major's claim for disability insurance is supported by substantial evidence and will be affirmed. Branden Major will take nothing from Kilolo Kijakazi. (16)(17)

Signed on August 18, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge